UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMONDO ARCE AND BERNARD WILLIAMS on behalf of themselves and a class of those similarly situated, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 1:17-cv-900 |
| v. | § § | FLSA COLLECTIVE ACTION |
| EMERALD LAWNS, LLC | § § § | |
| Defendant. | § | DEMAND FOR JURY TRIAL |

**ORIGINAL COMPLAINT - FLSA COLLECTIVE ACTION**

**SUMMARY**

1. EMERALD LAWNS, LLC. refused to pay certain non-exempt employees overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**I.
PARTIES**

2. Plaintiffs Amondo Arce and Bernard Williams have worked as employees of Defendant during the two-year period preceding the filing of this lawsuit.

3. EMERALD LAWNS, LLC is an entity that can be served with process by serving its registered agent, Luke Hawthorne, at the following address: 1721 Chalice Cove, Round Rock, Texas, 78665.

## II.
## JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court under 28 U.S.C. § 1331 and under 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, and/or regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and (s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business. Defendant has over $500,000 in gross receipts annually. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this claim, including Defendant's failure to pay overtime wages, occurred in this Division and District. Further, Plaintiffs are residents of this District and Division.

### COVERAGE UNDER THE FLSA

5.     At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

6.     At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.     At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.     At all times hereinafter mentioned: (a) Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said Defendant is an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Such handling includes, but is not limited to, equipment and supplies made in states other than Texas.

9. At all times hereinafter mentioned, Plaintiffs were individual "employee[s]" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g). Plaintiffs' handling of goods or materials that have been moved in or produced for commerce included, but was not limited to, handling items that were made in states other than Texas.

### III.
### FACTS RELATED TO NON-PAYMENT OF OVERTIME COMPENSATION

10. Plaintiff Amondo Arce was hired in February 2016, as a dirt crew member, which is an hourly position. He was promoted to Spray Technician in May 2016. The Spray Technician position was paid a salary.

11. Plaintiff Bernard Williams began working for Defendant on February 3, 2016, as a Spray Technician, and was paid a salary.

12. Plaintiffs were required to report to work at 6:00 am for a mandatory meeting. They received their schedules, supplies, and equipment for the day and then began their routes. They were required to return to the office to turn in their company vehicles when their routes were completed.

13. While plaintiffs were employed by Defendant as Spray Technicians, their duties included servicing customers' lawns by spraying chemicals on them. These duties do not qualify Plaintiffs for any overtime exemptions under the FLSA.

14.     During one or more weeks of Plaintiffs' employment they worked in excess of forty (40) hours per week. During one or more weeks of Plaintiffs' employment, Defendant failed to pay Plaintiffs one and one-half times their regular rates of pay for each overtime hour worked.

## IV.
## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiffs incorporate the preceding paragraphs by reference.

16.     In addition to Mr. Arce and Mr. Willliams, Defendant employed many other Technicians who were required to work overtime but were paid a salary.  Like with Mr. Arce and Mr. Williams,  Defendant did not pay these workers for all of the hours they worked. Thus, Defendant's failure to pay for all hours worked extends beyond the currently named Plaintiffs. Other workers employed by Defendant have been subjected to the same unlawful policy (collectively, "the workers.")

17.     These workers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:  All Technicians who worked for Defendant during the past 3 years who were paid a salary, and were not compensated on an hourly basis and paid for all hours worked as required by the FLSA.

## V.
## CAUSES OF ACTION -
## DENIAL OF OVERTIME PAY

18.     Plaintiffs incorporate the preceding paragraphs by reference.

19.     By failing to pay Mr. Arce, Mr. Williams, and the Workers for overtime at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

20.     Defendant owes Mr. Arce, Mr. Williams, and the Workers for overtime pay at time and one-half their regular hourly rates.  Because Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendant owes these wages for at least the past three

years.

21.     Emerald Lawns, LLC is liable to Mr. Arce, Mr. Williams, and the Workers for an amount equal to all unpaid overtime wages, as well as liquidated damages as permitted by the FLSA.

22.     Mr. Arce, Mr. Williams, and the similarly situated Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

23.     Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.      An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Workers;

2.      Judgment awarding Mr. Arce, Mr. Williams, and the Workers all unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.      An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4.      All such other and further relief to which Mr. Arce, Mr. Williams, and the Workers may show themselves to be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East Fifth Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/   Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF